WESTERN COTTAGE PIANO & ORGAN COMPANY V. B: E. ANDERSON.

Decided March 16, 1907.

**1.—Cause of Action—Writ of Error—Res Adjudicata.**

In a suit for both actual and exemplary damages and the amount of actual damages claimed is below the jurisdiction of the Supreme Court, the granting of a writ of error by that court necessarily involves an adjudication that plaintiff's petition presented a good cause for action for exemplary damages.

**2.—Variance—Gist of Action.**

Where the gist of plaintiff's cause of action was the fraud of defendant's agent in representing a certain instrument to be a valid security for a loan, the fact that the plaintiff alleged said instrument to be a mortgage and the witnesses spoke of the same as a bill of sale, was an immaterial variance.

**3.—Evidence—Written Instrument—Proof of Execution not Necessary.**

In an action to recover money obtained by fraudulent representations that a certain mortgage was a valid security for the money advanced, the mortgage was admissible in evidence without proof of its execution.

**4.—Deceit—Evidence.**

In an action for obtaining money by fraudulent representations, evidence considered, and held admissible.

**5.—Agent—Authority—Evidence.**

Although a witness testified that he did not know the extent of an agent's authority in a certain matter, yet if he further testifies that he obtained his information as to the agent's authority, not only from the agent but from the principal as well, his testimony as to the agent's authority is admissible.

**6.—Marriage—Abatement of Suit.**

The husband is not a necessary party plaintiff to a suit instituted by the wife while a feme sole.

**7.—Pleading—Several Counts—Proof of One.**

It is not necessary to prove all the grounds of recovery alleged in a petition. The proof of one is sufficient.

**8.—Exemplary Damages—Evidence.**

In an action for deceit, evidence considered, and held sufficient to support a recovery for exemplary damages.

**9.—False Representations—Reliance Upon.**

A person injured by the false representations of another is not required

Vol. XLV. Civil—33.

to exercise diligence to discover the falsity of such representations. In the absence of knowledge to the contrary he may rely and act upon such statements.

**10.—Jurisdiction—Amount—Fraudulent Allegation.**

It is only when the allegation as to amount in controversy is fraudulently made for the purpose of conferring jurisdiction that the jurisdiction of the court can be successfully attacked.

**11.—Charge—Jury to be Satisfied.**

A charge requiring a jury in a civil case to be "satisfied" from the evidence before finding upon an issue is properly refused.

**12.—False Statements—Scienter.**

To grant relief against false statements it is not necessary that the party making them should know that they were false.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*F. M. Brantly,* for appellant.—The alleged acts of the defendant, or of said J. B. McCarley in its purported behalf, if disclosing any legal liability at all of defendant to plaintiff as sought, disclosed that the same consisted, at most, in simply a breach of contract, for which no liability for exemplary damages lay against defendant, nor would the averment that said acts were done maliciously, or characterizing them as malicious, authorize the recovery of such damages. Connor v. Sewell, 90 Texas, 275; Baines v. Mensing Bros., 75 Texas, 200; Haddock v. Taylor, 74 Texas, 216, 218.

The court erred in admitting the testimony of the plaintiff, B. E. Anderson, in her behalf to the effect that J. B. McCarley showed to witness a bill of sale and read it over to witness and said it was good, that the property mentioned in the bill of sale was all there at the places mentioned in said instrument, and that witness agreed to let said McCarley have the money ($465) on said bill of sale, and did so on reliance of said statements of said McCarley, and accepted said bill of sale as security therefor; and in the same connection in admitting in evidence over objections of defendant said bill of sale or the purported copy thereof. Salinas v. Wright, 11 Texas, 575; Dean v. Border, 15 Texas, 298; Parker v. Beavers, 19 Texas, 411; Jordon v. Meyers, 89 Texas, 233; Wilkins v. Stanley, 43 S. W. Rep., 609; Stewart v. Gordon, 65 Texas, 344; Flores v. Smith, 66 Texas, 115; Shipman v. Fulcrod, 42 Texas, 248; Henry v. Fay, 2 Wilson App. C. C., p. 733; Jennagan v. Houston I. & B. Co., 8 Texas Ct. Rep., 435; Johnson v. Galveston, H. & N. Ry., 4 Texas Ct. Rep., 24.

The court erred in admitting in evidence the testimony of the plaintiff in her behalf as to purported statements of said J. B. McCarley to her as to the number of instruments they were selling per day, or as to the number said Mann was selling for them per day or the amount he was making per day thereby, and to the effect that said McCarley would not require further settlement of said Mann for three months hence, and that by that time said Mann could or would be able to repay plaintiff, and could repay plaintiff out of the proceeds of said sales; and that witness let McCarley have the money thinking he was going away and Mann would go on with the business and repay her. Jackson v. Stockbridge,

29 Texas, 394; Lemmon v. Hanley, 28 Texas, 220; Putnam v. Brom-
well, 73 Texas, 465; Self v. Downs, 4 Texas Ct. Rep., 487.

The court erred in admitting in evidence the testimony of the plaintiff
in her behalf, to the effect that the day following the payment by witness
of said sum of $465 to said McCarley, said McCarley had said Mann's
place of business closed at Weatherford and took possession of the goods
or instruments therein contained and moved them out. Le Gierse v.
Kellum & Rotan, 66 Texas, 242; Blum v. Goldman, 66 Texas, 621.

*W. R. Parker*, for appellee.—The scope of the agent's power and
authority may be determined by the facts and circumstances, or by
circumstances alone. Kaine v. Weigley, 22 Pa. St., 179; Watkins v.
Wallace, 19 Mich., 57; McDaniel v. Baca, 2 Cal., 326; 56 Am. Dec.,
339; Waddingham v. Loker, 44 Mo., 132; 100 Am. Dec., 160; Hopkins
v. Sievert, 58 Mo., 201; Vance v. Phillips, 6 Hill, 433; Hennequin v.
Naylor, 24 N. Y., 139; Hoeller v. Haffner, 155 Mo., 589; Alter v.
Stockham, 53 Neb., 223; 73 N. W. Rep., 667.

If it be admitted that the agent exceeded his authority, yet having
received and retained the money acquired by the transaction, and having
refused to repay same to appellee, after notice of its agent's fraud, etc.,
appellant is held to have ratified all its agent did, and such ratification
is equivalent to previous consent. Hicks & Bro. v. Ross & Redditt, 71
Texas, 358; Galveston, etc., Ry. Co. v. Donahoe, 56 Texas, 162.

SPEER, ASSOCIATE JUSTICE.—The nature of this case will be dis-
closed by an examination of the opinion filed by Chief Justice Conner
on a former appeal and reported in 76 S. W. Rep., 945. On the last
trial, the case having been reversed in the Supreme Court on a question
of service, 97 Texas, 432, appellee recovered judgment for the full
amount sued for, that is, four hundred and sixty-five dollars actual
damages and one thousand dollars exemplary damages.

The first and second assignments of error present a question which
was necessarily decided on the former appeal, and that was as to the
sufficiency of appellee's petition to show a cause of action for exemplary
damages. The exception urged, though denominated a special exception,
is no more than a general demurrer, and the Supreme Court could never
have granted a writ of error in the case if the petition had not shown a
cause of action for exemplary damages, since the claim for actual
damages was beneath the minimum jurisdiction of that court.

An objection is made to one or more paragraphs of the court's charge,
and to the admission of a great deal of plaintiff's evidence concerning
a certain bill of sale executed by Mann to McCarley to secure an
indebtedness, and to the admission in evidence of the bill of sale
itself, upon the ground that appellee's pleadings declared that the instru-
ment purported to be a mortgage. The undisputed facts show that the
instrument was in effect a chattel mortgage, but whether it was so or not,
we hold the variance between the allegation and the proof to be alto-
gether immaterial. The gist of appellee's cause of action was the fraud
of appellant's agent, McCarley, in representing this instrument, what-
ever it was, to be a valid security. The action, therefore, must not be
confounded with an action on the instrument, and the rules of pleading

and evidence applicable to the latter action would be entirely too strict to apply to the present. For this reason the objection to the introduction of the instrument, that its execution was not proved, was of no force and the fact that appellee in attempting to meet this objection proved its execution by the hearsay testimony of Mann and McCarley, was a useless thing. But the immateriality of this evidence should not work a reversal of the case. We conclude, as we did on the former appeal, that the evidence tends to show the authority of McCarley to act for the appellant in the transaction with appellee, and that the trial court properly overruled all objections to testimony based upon this contention.

It was proper to admit in evidence the testimony of the appellee as to statements made by McCarley as to the number of instruments Mann was selling for them per day, and the amount he was making, and that he, McCarley, would not require a further settlement with Mann for three months, and that by that time he would be able to repay appellee out of the proceeds of his sales, since the same bore directly upon the good faith of the agent McCarley in the transaction with appellee whereby he obtained four hundred and sixty-five dollars of her money. If McCarley made these statements testified to by appellee and then went immediately, as the evidence shows he did, from Fort Worth, where the conversation took place, to Weatherford, where Mann was in business, and closed up his establishment and put him out of business, such facts should be admitted in evidence and would go far to convince any court or jury that his acquisition of appellee's money was fraudulent in the first place.

It is next insisted that the court erred in admitting the testimony of the witness John L. Alcott in behalf of appellee, to the effect that "about the 31st day of January, 1902, J. B. McCarley had charge of the business of the defendant and its agents in the State of Texas, and looked after the company's agents and the company's property in Texas at that time—to the best of witness's knowledge and belief, said McCarley had full control of all the agencies and of the business of the defendant in Texas at that time," the objection being that the witness's testimony disclosed that he was not informed as to the nature and extent of McCarley's authority; that the testimony was immaterial and incompetent; that the deposition shows that the witness was not informed as to the subject matter about which he proposed to testify. While the witness did state that he did not know the extent of the authority of McCarley, yet he does state that his information as to the duties and authority of McCarley was obtained not only from McCarley, but also in the instructions that he received from the appellant company at the time of his employment to represent it as its general agent for Texas. Nor was there error in admitting the testimony of appellee to the effect that she showed the said Alcott the bill of sale and told him all about the transaction and how she got it, and that it was no account, that the stock was not there, etc.; and further, that she told Alcott about McCarley's promise to let Mann continue in business. We think this testimony was both material and competent, since it seems undisputed that Alcott was the appellant's general agent at the time, and that the evidence tended to show a ratification by the company through its

authorized representative of the fraudulent conduct of its former representative.

There is no merit in the contention that the court erred in not abating appellee's suit upon appellant's suggestion that she had been married since the institution of the suit, and that her husband should be made a party plaintiff with her, since at most the statute (Texas Civil Statutes, article 1252) only confers upon the husband the privilege to make himself a party to such suit and prosecute the same as if he and his wife had been originally plaintiffs in such suit, but does not provide for the abatement of the suit in the event of his refusal to avail himself of such privilege.

Indeed, the article declares that a suit instituted by a *feme sole* shall not abate by her marriage. Furthermore, it is not the policy of our laws to refuse a married woman a right to conduct litigation as a plaintiff concerning her separate property where the husband for any reason fails or refuses to sue for her. The circumstances of the present case would especially except this case from so harsh a rule, since the evidence shows that the husband's whereabouts is unknown to appellee, that he is probably a fugitive from justice, having at least two living wives at the time of his pretended marriage to appellee. Nor were the grounds of separation between appellee and her first husband material to any issue in this case, and the court very properly refused to allow counsel for appellant to inquire into that matter or to show, as he attempted to do, that appellee had testified in another case that she had never borne but one child, while in the present case she testified that she was the mother of four children.

We find no error in the charges given by the court. They are in the main the same as given upon the former trial, which were approved by us on the former appeal as against the objections then urged. While, perhaps, new objections are now urged, none of them, we think, should be sustained. While the petition alleged that appellee sustained damages by reason of having been induced to advance or loan money to John F. Mann and associates upon the misrepresentations of appellant's agent as to the solvency of said Mann and associates, and as to the sufficiency of a certain chattel mortgage as a security for said sum, yet we think the charge correctly authorized a recovery by appellee in the event the agent represented that John F. Mann was solvent, in good financial condition, etc., or if he represented to the appellee that the mortgage or bill of sale introduced in evidence was a good security for said money. To hold as appellant insists, that is, that it should have been shown not only that Mann was insolvent, but that all of his associates in business were also insolvent, and further, that the chattel mortgage was insufficient security for said sum, would be to do violation to the rule that the substance only of the issue need be proved, and furthermore, would deny to a plaintiff the right to recover on an established cause of action because, forsooth, he had alleged two or more in the same pleading.

It was not improper for the court to assume that appellee's actual damage was four hundred and sixty-five dollars, since such was the undisputed fact. We conclude also that the evidence fully authorized the submission of all issues submitted by the court. As previously stated, the evidence tended to show that the agent McCarley had full authority

to act in the premises, and that he made materially false statements both with respect to the solvency of Mann and as to his continuing in business, and with respect to the chattel mortgage given the appellee as security; that appellee believed and acted upon such representations and would not have parted with her money but for them; and furthermore, that appellant company, after it came in possession of a knowledge of all of the facts and circumstances surrounding the entire transaction, fully ratified the act of its agent McCarley in that it persistently asserted its right to retain the money thus fraudulently obtained from appellee, never at any time offering to return the same, or any part thereof. The circumstances are sufficient, too, we think, to authorize the charge and to support the verdict upon the issue of exemplary damages. The evidence indicates and warrants the conclusion that the representations of McCarley were not only false, but that they were designedly made to injure appellee, and under such circumstances we think punitory damages are properly recoverable.

Section three of the charge is complained of as wrongfully placing the burden of proof on appellant, but we think otherwise. The charge as a whole clearly indicates the contrary, and in section six the court in so many words declares that the burden of proof is on the plaintiff to make out her case by the preponderance of the evidence.

Section four instructs the jury in effect that if appellee knew at the time she advanced her money that Mann was insolvent and that the bill of sale or mortgage was worthless, then to return a verdict for the defendant. It is complained that this precluded the jury from finding for appellant if appellee was in possession of sufficient facts to put her, as a person of ordinary prudence, on notice of the insolvency of Mann or of the insufficiency of the bill of sale or mortgage. It is not the rule that a person injured by the fraudulent and false representations of another is held to the exercise of diligence to suspect and discover the falsity of such statements. In the absence of knowledge to the contrary, he would have a right to rely and act upon such statements, and certainly the wrongdoer in such a case can not be heard to complain that the other should have believed his solemn statements.

There was no error in refusing to submit to the jury appellant's requested charge to the effect that if they found from the evidence that at the time of beginning her suit the appellee had no reasonable ground for belief that she was entitled to recover any sum by way of exemplary damages, then it would be their duty to return a verdict to that effect, and to proceed no further in the consideration of the other issues submitted to them. At most, there must have been a further finding that the allegations as to amount were fraudulently made for the purpose of conferring jurisdiction on the District Court.

Special charge number two, requested by appellant upon the issue as to the authority of McCarley to bind it, was properly refused, if for no other reason, because it required the jury to be "satisfied" from the evidence that McCarley had the authority to act as the general agent, etc., when it is well known that a finding from the preponderance of the evidence meets the requirements of law. Besides, that issue seems to have been well submitted in the main charge.

It was unnecessary to give the special charge upon the materiality of the alleged false statements, since undisputedly if the statements made were false, they were materially so; and furthermore, the charge itself (number three) was inaccurate in that it authorized a verdict for the defendant if the agent McCarley at the time he made the statements did not know them to be false.

We find no error in the judgment and it is therefore affirmed.

*Affirmed.*

Writ of error refused.