EDMONDSON v. WILLIAMS.    (No. 2011.)

Court of Civil Appeals of Texas.    El Paso. April 7, 1927.

1. **Vendor and purchaser** ⟨⟩238—Purchaser from good-faith purchaser, succeeds to his grantor's superior record of prior title when he bought.

Where one purchases property in good faith without knowledge of prior unrecorded deed his vendee succeeds to his superior title, notwithstanding such vendee may not purchase until after recording of prior deed.

2. **Vendor and purchaser** ⟨⟩229(2)—Purchaser of land, with notice that particular person was claiming interest therein, held not "purchaser in good faith" without notice of unrecorded absolute deed held by him.

Purchaser of land with knowledge that one holding prior unrecorded absolute deed was claiming some interest in property *held* not "purchaser in good faith" for value without notice of such prior unrecorded deed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Faith.]

3. **Vendor and purchaser** ⟨⟩237—Conveyance in consideration of moneys given grantor five years previously is not for "valuable consideration" as affects grantee's status as innocent purchaser for value.

Deed executed in consideration of moneys given grantor five years previously *held* not supported by consideration sufficient to make grantee purchaser in good faith for value.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Valuable Consideration.]

4. **Appeal and error** ⟨⟩174—Plaintiff's right to sue in capacity of feme sole cannot be first questioned on appeal.

Where plaintiff, in action of trespass to try title, alleged that she was a feme sole, her capacity to sue as such could not be first questioned on appeal on ground that particular testimony disclosed that she had a husband living.

5. **Abatement and revival** ⟨⟩34—Marriage of feme sole plaintiff after filing of suit does not abate suit (Rev. St. 1925, art. 2084).

Under Rev. St. 1925, art. 2084, action by feme sole is not abated by plaintiff's marriage subsequent to filing of suit.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by Eliza E. Williams against Clarence Edmondson. Judgment for plaintiff, and defendant appeals. Affirmed.

Muse & Muse, of Dallas, for appellant.
Webster Atwell, William H. Atwell, and J. E. Michalson, all of Dallas, for appellee.

HIGGINS, J.  This is an action in trespass to try title to lots in Dallas brought by appellee against Clarence Edmondson, Nannie Rowan and husband. A peremptory instruction in favor of plaintiff was given. The giving of this instruction is the only assignment of error carried forward in Edmondson's brief, who alone appeals.

The property was owned by Lucinda Hamilton and her son, Jesse E. Hamilton, who, by deed dated February 9, 1920, duly recorded April 14, 1920, conveyed the same to appellee Williams. Jesse Hamilton died, and his estate passed by inheritance to his mother, who thereafter, by deed dated March 16, 1920, recorded the same day, conveyed the lots to Nannie Rowan as her separate estate, reciting a consideration of $1,050 paid out of the grantee's separate estate. Lucinda Hamilton died some time in April, 1920. By deed dated April 26, 1920, Nannie Rowan and husband conveyed the lots to Edmondson.

[1] Appellee's deed was of record at the time appellant purchased the land from the Rowans, but, if Mrs. Rowan acquired title superior to the title of appellee under her deed, unrecorded at the time of the conveyance to Mrs. Rowan, then appellant has succeeded to his vendor's superior title. In order to establish this defense, it was incumbent upon appellant to show that Mrs. Rowan was a purchaser in good faith for value and without notice of the prior unrecorded deed.

The proposition, submitted by appellant upon this phase of the case, is that the evidence as to notice to Mrs. Rowan of the unrecorded deed was of such character as required submission of the issue to the jury.

Mrs. Rowan was a sister of Mrs. Hamilton. Appellee was distantly related to the latter by marriage.

[2] At the time of the conveyance to her, Mrs. Rowan, according to her own testimony, knew that appellee had some character of claim to the lots under an instrument executed by Mrs. Hamilton and son. In parts of her testimony she refers to it as a deed; in others as a contract regarding the property, and that appellee agreed to surrender her rights thereunder by returning the contract upon repayment by Mrs. Hamilton of $29.50, which Mrs. Hamilton did repay. But her testimony further shows she knew appellee had not returned the instrument and surrendered her rights. If she did not definitely know the character of appellee's rights under the instrument, it was her duty to make inquiry as to its nature. If she had done so, she could have ascertained it was an absolute conveyance, and, having failed to make any inquiry, she is charged with notice of appel-

lee's title under the deed and cannot claim to be an innocent purchaser. Goldman v. Blum, 58 Tex. 630; Bacon v. O'Connor, 25 Tex. 213; Moody & Co. v. Martin (Tex. Civ. App.) 117 S. W. 1015.

[3] Furthermore, Mrs. Rowan's testimony shows the deed to her was executed in consideration of moneys given by her to Mrs. Hamilton in years past. That was not such a consideration as will support the plea of an innocent purchaser for value without notice.

[4] The suit was filed March 27, 1920. It was tried in April, 1926. In the original petition upon which the case was tried the plaintiff alleged she was a feme sole. Her capacity to sue as such was in no wise questioned by defendants; but upon the trial one of the witnesses, referring to appellee, testified:

"I don't know where her husband lives, but I guess he lives at Eliza Williams' home on Leonard street. I suppose. I don't know of my own knowledge where he lives."

[5] Based upon this testimony, appellant contends appellee was a married woman, and the judgment should be reversed because of the nonjoinder of her husband. The question is raised for the first time in this court. The testimony does not affirmatively show she was married at the time the action was brought. In the state of the pleadings and entire record the most reasonable assumption is that she married subsequent to the filing of the suit. If so, her marriage did not abate the suit. Article 2084, R. S. 1925. In any event, if defendants desired the joinder of her husband, they should have presented the matter by motion or suggestion at a proper time, and cannot at this late date complain of such nonjoinder. Railway Co. v. Cailloutte, 79 Tex. 341, 15 S. W. 390; Western, etc., v. Anderson, 45 Tex. Civ. App. 513, 101 S. W. 1061; Speers Law of Marital Rights, § 439.

Affirmed.