## SAENZ v. HINOJOSA et ux.

### No. 12687.

Court of Civil Appeals of Texas.

San Antonio.

May 19, 1954.

Lewright, Dyer, Sorrell & Redford and James W. Wray, Jr., Corpus Christi, for appellant.

R. F. Luna, San Diego, for appellees.

POPE, Justice.

This is an appeal from an order overruling Aaron Saenz' plea of privilege to be sued in Nueces County.

Because the appellees have filed no brief, we accept the statements in appellant's brief as correct. Rule 419, Texas Rules of Civil Procedure. Appellant complains that there was no competent proof that Homero Hinojosa and his wife were injured by reason of the collision between their vehicle and appellant's automobile. Only one witness testified on the trial. He was a deputy sheriff, who arrived at the scene of the accident after it had occurred. He gained his knowledge of the collision either from observation of the scene of the accident or from hearsay statements. The witness testified with regard to the location of the two vehicles, as he saw them after the accident, but he failed to testify or prove that the plaintiffs' injuries were suffered in the collision with the vehicle driven by Saenz. Eye witnesses that were available, including Mr. and Mrs. Hinojosa themselves, failed to testify.

"Presumptions are indulged in only to supply facts, and do not arise where the facts are known. Presumptions must be based on some necessity, and the court will not go into the domain of presumptions where direct proof can be obtained." 31 C.J.S., Evidence, § 114; Miller & Miller Motor Freight Lines v. Hunt, Tex.Civ.App., 242 S.W.2d 919.

The evidence is also lacking in proof of other essentials, under Vernon's Ann. Civ. St. § 9a, art. 1995, which appellees relied upon. The judgment is reversed and the cause ordered transferred to Nueces County in accordance with the provisions of Rule 89, T.R.C.P.