John Thomas DAY et ux., Appellants,

v.

GARLAND CHRYSLER–PLYMOUTH, INC., Appellee.

No. 17500.

Court of Civil Appeals of Texas, Dallas.

Oct. 16, 1970.

Diamond J. Pantaze, Cooper & Winikates, Dallas, for appellants.

Reagan M. Martin, Martin, Harrison & Withers, Dallas, for appellee.

DIXON, Chief Justice.

Our former opinion in this case is withdrawn and in lieu thereof the following opinion is substituted.

Appellant Day and wife, Norma Day, brought suit for actual and exemplary damages against appellee Garland Chrysler-Plymouth Company. Appellants charge that in 1966 they bought a Plymouth automobile from appellee, which car was represented as

new when in fact it was a used car. They also allege that appellee charged usurious interest rates.

A jury returned a verdict finding that (1) appellee's salesman represented that the automobile in question was a new automobile; (2) which representation was false; (3) appellants relied upon said representation; (4) said representation was a material inducement in the purchase of the automobile; and (5) the reasonable market value of the automobile purchased by appellants was $2,500.88.

Based upon the jury verdict judgment was rendered for appellants for $294.12 for actual damages because of the false representations. The judgment was silent as to appellants' claims for usurious interest paid and for exemplary damages.

The court refused to submit eight special issues which were requested by appellants. These issues would have called for the jury to determine (1) what was to be the cash price to be paid by appellants for the car; (2) what was to be the trade-in allowance on appellants' 1961 Ford wagon; (3) what was to be the total down payment to be made by appellants; (4) what was to be the time (deferred) balance which appellants were to be obligated to pay; (5) what was a reasonable amount to be allowed as attorney's fees for prosecuting appellants' claim for payment of usurious interest; (6) whether the false representation of appellee's salesman was authorized by appellee; (7) whether said representation was ratified by appellee; and (8) what amount of money, if any, should appellee pay as exemplary damages.

Appellants have appealed from the judgment because of the court's refusal to submit their requested Special Issues Nos. 1 to 3 inclusive and Nos. 5 to 8 inclusive; and because of the court's refusal in two instances to permit testimony of appellants. These issues and the rejected testimony had to do principally with appellants' claims of usury and exemplary damages.

Appellee did not file a brief.

■ As appellee has filed no brief in this case we accept as correct, without resort to the statement of facts, the statements contained in appellants' brief relating to the facts and the record. Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ.App., San Antonio 1949, writ ref'd); Allen v. Herrera, 257 S.W.2d 753 (Tex.Civ.App., San Antonio 1953, no writ); Saenz v. Hinojosa, 268 S.W. 2d 476 (Tex.Civ.App., San Antonio 1954, no writ); Brehmer v. City of Kerrville, 320 S.W.2d 193 (Tex.Civ.App., San Antonio 1959, no writ); Sunray Enterprises, Inc. et al. v. Rosenauer, 335 S.W.2d 670 (Tex.Civ. App., Dallas 1960, writ ref'd n. r. e.); Works v. Wyche, 344 S.W.2d 193 (Tex.Civ. App., Dallas 1961, writ ref'd n. r. e.); Cuellar v. Cuellar, 406 S.W.2d 510 (Tex.Civ. App., Corpus Christi 1966, no writ); L. B. King v. Ivans, 429 S.W.2d 646 (Tex.Civ. App., Tyler 1968, no writ); 4 Tex.Jur.2d 144; Rule 419, Vernon's Texas Rules of Civil Procedure.

In their brief appellants state that they orally agreed to purchase an automobile for a "price" of $2,795, paying cash of $46.75, a trade-in allowance of $545 on their old car and payment of the balance in 36 payments of $72 each. This was reduced to writing in a purchaser's order form.

Appellants further state in their brief that appellee's witness testified that the cash price was $2,496.75 and the written security agreement shows the same, whereas the dealer's worksheet states $2,846.75.

Appellants testified that appellee gave them a trade-in allowance of $545. The dealer's worksheet states the allowance was $550, which appellants' witness stated was true. The security agreement states that appellants have paid $246.75 in cash or its equivalent, but appellee's witness stated that appellants paid $46.75 cash.

The security agreement credits appellants with a down payment of $246.75, whereas the actual down payment totaled $596.75 of

which $46.75 was paid in cash and $550 was allowed on the automobile trade-in.

■ Appellants were entitled to show by parol evidence that the transaction was usurious notwithstanding such testimony contradicts the terms of the writing. *Smith v. Stevens,* 81 Tex. 461, 16 S.W. 986, 987 (1891); *National Bond & Investment Co. v. Atkinson,* 254 S.W.2d 885, 888 (Tex.Civ. App., Amarillo 1952, writ dism'd).

■ We think the evidence was sufficient to require the submission of the first three of appellants' requested special issues, which concerned appellants' claim of usurious interest. The first three points of error are sustained.

In their fourth and fifth points appellants complain because Day was not permitted to testify as to whether the salesman Tollison told them what the time differential would be, or what the finance charge or interest charge would be for the payment of the balance on time. The answer of the witness in both instances would have been "No, sir."

■ Appellants were entitled to show that they were not given a choice between a cash price and a time or credit price. *Bradford v. Mack,* 359 S.W.2d 936, 939 (Tex. Civ.App., El Paso 1962, writ ref'd n. r. e.); *Standard Supply & Hardware Co. v. Christian-Carpenter Drilling Co.,* 183 S.W. 2d 657, 661 (Tex.Civ.App., Galveston 1944, writ ref'd). We sustain appellants' fourth and fifth points.

■ In their sixth point appellants complain of the court's refusal to submit their requested special issue as to attorney's fees. Art. 5073, Vernon's Ann.Civ.St., as amended in 1963 * provides for attorney's fees in usury cases. Art. 5073 was repealed in 1967,

but Art. 5069–1.06(1), V.A.C.S., effective October 1, 1967, also provides for attorney's fees in usury cases. The record shows that during the effective dates of the above named statutes appellants paid some interest charges which they claim were usurious. We think their requested special issue should have been submitted. *Taylor v. Shelton,* 63 Tex.Civ.App. 626, 134 S.W. 302, 305 (1910, writ ref'd). The sixth point is sustained.

■ In their seventh, eighth and ninth points appellants complain of the court's refusal to submit their requested Special Issues Nos. 6, 7 and 8. We believe these points are well taken.

As to whether appellee's salesman was authorized to make the false representations, or whether appellee ratified the false representations and as to exemplary damages, appellants in their brief make these statements in regard to the evidence:

"Plaintiffs presented evidence as follows:

(a) On October 19, 1966, when Defendant purchased the auto, it had an odometer reading of 543 miles * * *;

(b) On October 29, 1966, when Defendant offered it for sale to Plaintiffs, the odometer reading was eight (8) miles * * *;

(c) That the box labeled '( ) Used' was left blank on Plaintiffs' copy of Purchaser's Order Form * * *;

(d) That the Purchaser's Order Form was approved by salesman's superior * * *;

(e) That the salesman's superior at that time was the Used Car Manager * * *;

* Art. 5073, enacted in 1907, as shown in Volume 15 of Vernon's Annotated Civil Statutes, does not provide for attorney's fees in usury cases. The 1963 amendment of the statute (which does provide for attorney's fees in usury cases) is not reproduced or even mentioned in the pocket part carrying forward the annotations

under Art. 5073. However the Session Laws of the Regular Session of the 58th Legislature, page 569, show that by Section 28 of the Texas Regulatory Loan Act, enacted in 1963, Art. 5073 was amended and does provide for reasonable attorney's fees.

(f) That the salesman is required to get the approval of a manager * * *;

(g) That it is not required that the manager *actually sign* the Purchaser's Order Form * * *;

(h) That the Defendant company approved this transaction through one of its managers or officers * * *;

(i) That it is required of a salesman that he check that box appropriately reflecting whether the car is new or a used car * * *;

(j) That it is one of the responsibilities of the supervisor approving the transaction to see that the (Used Car) box is checked * * *;

(k) That Defendant's salesman sold the auto in the course and scope of his authority * * *;

(l) That Defendant's salesman orally represented the auto as a new car * * *;

(m) That the auto was displayed with a new car list price sticker attached to it * * *; and

(n) That the auto was displayed with a group of new automobiles * * *."

We think the requested issues should have been submitted. Dennis v. Dial Finance & Thrift Co., 401 S.W.2d 803 (Tex.Sup.1966); Western Cottage Piano & Organ Co. v. Anderson, 45 Tex.Civ.App. 513, 101 S.W. 1061, 1064 (1907, writ ref'd). See also Reed v. Markland, 173 S.W.2d 346 (Tex.Civ.App., Waco 1943, writ ref'd w. o. m.); Texas Employers' Ins. Ass'n v. Kelly, 71 S.W. 2d 901, 904 (Tex.Civ.App., Fort Worth 1934, writ dism'd); McCormick & Ray, "Texas Law of Evidence", Vol. No. 2, Sec. 1522, p. 368.

Appellants' seventh, eighth and ninth points are sustained.

The judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.