**KORAL INDUSTRIES, Petitioner,**

v.

**SECURITY–CONNECTICUT LIFE INSURANCE CO., Respondent.**

**No. C–9997.**

Supreme Court of Texas.

Oct. 17, 1990.

J. Kent Davenport, Leonard A. Epstein, Dallas, for petitioner.

Robert W. Kantner, Dallas, Joe R. Greenhill, Austin, for respondent.

PER CURIAM.

Security–Connecticut Life Insurance Company, claiming fraudulent inducement and misrepresentation, refused to pay benefits under a key-man life insurance policy when the insured died. The beneficiary, Koral Industries, filed suit for breach of contract. After trial to a jury, Koral was awarded the face value of the policy, damages, statutory penalties,[1] postjudgment interest, and attorney's fees for trial and appeal. The trial court rendered a take nothing judgment on Security's counterclaims. The court of appeals reversed and rendered judgment that Koral take nothing on all of its claims against Security, and rendered judgment for Security granting rescission of the insurance contract, and affirmed the denial of attorney's fees in favor of Security. 788 S.W.2d 136.

Koral Industries sought a new life insurance policy for one of its key employees, Lewis Lindsey, in 1984. Lindsey did not disclose damaging medical history regarding treatment over the five years prior to his application, a history which included hospitalization in 1981, 1982, and 1983, and counseling and treatment for depression and excessive use of alcohol. A medical information agency had reported treatment for mental or nervous disorders from 1976–78, and Lindsey's physician reported treatment for anxiety.

Relying on the information provided to it, Security issued a $1,000,000 policy on Lindsey's life. When Lindsey died within what the insurer claimed was the contestable period of the policy, General American Life Insurance Company, the reinsurer on the policy, was hired to investigate the claim. This investigation led to discovery of the material omissions and misrepresentations

---

**1.** Penalties were assessed under Tex.Ins.Code   Ann. art. 3.62 (Vernon 1981).

made by Lindsey. Security then tendered all premiums with interest to Koral, declaring the policy null and void.

 The jury found that Lindsey had knowingly made false representations to Security to induce Security to issue the policy; that Security had relied on those representations; that Security was aware of facts that would have caused a prudent person to make an inquiry; and that such an inquiry, if made with due diligence, would have uncovered Lindsey's fraud. These latter findings were based on the jury's answer to a question taken almost verbatim from *Republic–Vanguard Life Ins. Co. v. Walters,* 728 S.W.2d 415, 418 (Tex.App.—Houston [1st Dist.] 1987, no writ). We expressly disapprove the use of this jury question and instruction because it is contrary to Texas law. The general rule was stated in *Isenhower v. Bell,* 365 S.W.2d 354 (Tex.1963), and dates back to 1888:

> When one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have discovered the truth by the exercise of proper care. *Labbe v. Corbett,* 69 Tex. 503, 6 S.W. 808, 811 (1888). An affirmative answer to the requested special issue based upon what Isenhower *should have known* would not, therefore, have constituted a defense to the alleged fraud.

*Id.* at 357. (emphasis in original); *Trenholm v. Ratcliff,* 646 S.W.2d 927 (Tex. 1983). Failure to use due diligence to suspect or discover someone's fraud will not act to bar the defense of fraud to the contract. *Plains Cotton Cooperative Ass'n. v. Wolf,* 553 S.W.2d 800 (Tex.App.— Amarillo 1977, writ ref'd n.r.e.); *City of Houston v. Howe & Wise,* 373 S.W.2d 781 (Tex.Civ.App.—Houston [1st Dist.] 1963, writ ref'd n.r.e.). The concept of precluding a cause of action based on fraudulent misrepresentation was eloquently stated in *Western Cottage Piano & Organ Co. v. Anderson,* 45 Tex.Civ.App. 513, 101 S.W. 1061 (1907, writ denied):

> It is not the rule that a person injured by the fraudulent and false representations of another is held to the exercise of diligence to suspect and discover the falsity of such statements. In the absence of knowledge to the contrary, he would have a right to rely and act upon such statements, and certainly the wrongdoer in such a case cannot be heard to complain that the other should have disbelieved his solemn statements.

*Id.* at 1064. Therefore, only the insurer's actual knowledge of the misrepresentations would have destroyed its defense of fraud. "The test always is, to avoid the defense of fraud as to a material fact upon the score of waiver, the company must know the identical statement as made is untrue." *Dossett v. Franklin Life Ins. Co.,* 276 S.W. 1097, 1098 (Tex. Comm'n App.1925, opinion adopted). *Accord Odom v. Ins. Co. of the State of Pennsylvania,* 441 S.W.2d 584 (Tex.Civ.App.—Austin 1969), *aff'd on other grounds,* 455 S.W.2d 195 (Tex.1970).

We agree with the court of appeals that Security's defense of fraudulent inducement and misrepresentation was a valid defense to Koral's breach of contract claims. The jury answers, as related to Security, negated any breach of good faith and fair dealings violations under the Insurance Code and any actions for unconscionability under the DTPA.

Accordingly, the application for Writ of Error of Koral Industries is denied.