STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0157

PAULETTE MCKNIGHT

VERSUS

ALONDRA VILLAREAL AND
REDPOINT COUNTY MUTUAL INSURANCE COMPANY

Judgment Rendered: **OCT 18 2023**

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 679744

The Honorable Kelly Balfour, Judge Presiding

| | |
|---|---|
| Dele A. Adebamiji<br>Felicia E. Adebamiji<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant,<br>Paulette McKnight |
| Rachel M. Roe<br>D. Scott Rainwater<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Redpoint County Mutual Insurance<br>Company |

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

J. Hester, concurs CHH

McClendon, J. Concurs for Reasons assigned.

**MILLER, J.**

In this automobile accident case, Paulette McKnight appeals the trial court's October 20, 2022 judgment, which granted the motion for summary judgment filed by Redpoint County Mutual Insurance Company and dismissed with prejudice Paulette McKnight's claims against it. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Paulette McKnight ("Paulette"), a resident of Louisiana, filed suit to recover damages for injuries allegedly sustained in an April 19, 2018 automobile accident that occurred in East Baton Rouge Parish, Louisiana, when the vehicle driven by Alondra Villareal ("Alondra") struck Paulette's vehicle. At the time of the accident, Alondra had an automobile liability insurance policy with Redpoint County Mutual Insurance Company ("Redpoint"). Paulette filed a petition for damages naming Alondra and Redpoint as defendants.

Thereafter, Redpoint filed a motion for summary judgment, seeking a judgment that Texas law governs and requires dismissal of Paulette's claims against Redpoint. Redpoint contended that Roger Villareal's ("Roger") misrepresentation about where the vehicle was garaged voided the automobile liability insurance policy.[1] In support of its motion, Redpoint attached the affidavit of Michael McClure, a certified copy of the Redpoint policy, an endorsement to the policy, a rescission letter, a copy of the cashed rescission check, the affidavit of Brian Rodriguez, and a crash report.

On September 20, 2022, Paulette filed an opposition to Redpoint's motion for summary judgment. However, Paulette's opposition was not timely filed pursuant to La. C.C.P. art. 966(B)(2), so it was not considered by the trial court.

---

[1] Roger is Alondra's father and the insured. Alondra is listed as an additional driver on the policy.

2

After a hearing on September 26, 2022, the trial court signed a judgment dated October 20, 2022, granting Redpoint's motion for summary judgment and dismissing Paulette's claims against Redpoint with prejudice. The trial court determined that, under both Texas and Louisiana law, there was no genuine issue of material fact and the insurance policy was void. Paulette now appeals, contending that the trial court erred in granting Redpoint's motion for summary judgment.

## SUMMARY JUDGMENT

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. La. C.C.P. art. 966(D)(2). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that governs the trial court's determination of whether summary judgment is appropriate. In re Succession of Beard, 2013-1717 (La. App. 1st Cir. 6/6/14), 147 So. 3d 753, 759-60.

The initial burden of proof is on the party filing the motion for summary judgment. La. C.C.P. art. 966(D)(1). The mover may meet this burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, stipulations, and admissions with the motion for summary judgment. La. C.C.P. art. 966(A)(4). The mover's supporting documentary evidence must prove the essential facts necessary

3

to carry its burden. See Crockerham v. Louisiana Medical Mutual Insurance Company, 2017-1590 (La. App. 1ˢᵗ Cir. 6/21/18), 255 So. 3d 604, 608.

Once the motion for summary judgment has been properly supported by the moving party, and the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to her opposition, sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial, that is, the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Trichell v. McClure, 2021-1240 (La. App. 1ˢᵗ Cir. 4/8/22), 341 So. 3d 856, 860. In a situation where the motion is not opposed and the mover has made a proper showing that resolves the issues material to its motion, the motion should be granted. If, however, the mover's showing is insufficient and does not entitle mover to summary judgment as a matter of law, summary judgment should be denied. See La. C.C.P. art. 966.

A fact is "material" when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. Kasem v. State Farm Fire & Casualty Company, 2016-0217 (La. App. 1ˢᵗ Cir. 2/10/17), 212 So. 3d 6, 13. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. Bryant v. Premium Food Concepts, Inc., 2016-0770 (La. App. 1ˢᵗ Cir. 4/26/17), 220 So. 3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So. 3d 288.

## CONFLICT OF LAWS

On appeal, Paulette asserts that the trial court erred in granting summary judgment because there are genuine issues of material fact. Paulette further contends that Louisiana law should apply, not Texas law. Pursuant to the Louisiana

4

Supreme Court case of Champagne v. Ward, 2003-3211 (La. 1/19/05), 893 So. 2d 773, we must first determine whether there is a difference between Louisiana's law and the law of the foreign state. Once that determination is made, a choice-of-law analysis must be conducted, as codified by La. C.C. arts. 3515 and 3537, to determine which state's law applies to the interpretation of the policy. Champagne, 893 So. 2d at 786. Accordingly, we must compare Texas and Louisiana law, to determine if a difference exists.

Redpoint contends that Roger misrepresented facts when he filled out the endorsement request form. Under Texas law, a misrepresentation in an application for an accident insurance policy does not defeat recovery under the policy unless the misrepresentation is of a material fact and affects the risks assumed. Tex. Ins. Code Ann. § 705.051 (West). Additionally, insurers must plead and prove intent to deceive to avoid contractual liability based on a misrepresentation. Proof of a material inaccuracy is not enough. American National Insurance Company v. Arce, 672 S.W.3d 347, 359 (Tex. 2023). In contrast, under Louisiana law, a misrepresentation in an application for accident insurance bars recovery if the false statement was made with actual intent to deceive or the false statement materially affected the acceptance of the risk or the hazard assumed by the insurer under the policy. La. R.S. 22:860. Thus, there is a difference between Texas law and Louisiana law.

Texas law requires the misrepresentation (1) to be of a material fact, (2) to affect the risks assumed, and (3) to be made with an intent to deceive, and Louisiana law requires the misrepresentation (1) to be made with actual intent to deceive, (2) to have materially affected the acceptance of the risk, or (3) to have materially affected the hazard assumed by the insurer. Therefore, in accordance with Champagne, a choice-of-law analysis is necessary to determine which state's law applies to the interpretation of the contract.

5

Louisiana Civil Code article 3515 provides as follows:

Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Additionally, La. C.C. art. 3537 provides:

Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

Louisiana's Conflict of Laws provisions provide for the balancing of competing interests between the involved states. Champagne, 893 So. 2d at 786. The objective of those provisions is to identify the state whose policies would be most seriously impaired if its laws were not applied to the issue at hand. See La. C.C. arts. 3515 and 3537. With respect to the instant case, the law of the state applicable to the insurance contract is determined by evaluating the strength and pertinence of the relevant policies of the involved states in light of the factors set forth in those Civil Code articles. Terrebonne Parish Consolidated Government v. Brown, 2022-0223 (La. App. 1st Cir. 9/16/22), 2022 WL 4285934, *4 (unpublished).

6

Our review of the record establishes the following contacts with the State of Louisiana: the vehicle was ultimately registered and garaged in Louisiana; Alondra resided in Louisiana[2]; Paulette resided or was domiciled in Louisiana; and the accident occurred in Louisiana. In contrast, our review of the record establishes the following contacts with the State of Texas: the contract was negotiated and formed in Texas; and Roger resided or was domiciled in Texas.

These contacts must be considered in light of the competing public policies and interests between the states of Louisiana and Texas. Louisiana has a strong interest in promoting full recovery for innocent automobile accident victims. Terrebonne Parish Consolidated Government, 2022 WL 4285934, at *4. On the other hand, Texas has an interest in the regulation of its insurance industry and in the contractual obligations that are inherent parts thereof. The integrity of the contract is a substantial and real interest. The fact that Congress has allowed fifty states to have their own uniform system of regulations governing insurance strongly suggests this is a legitimate public purpose. Champagne, 893 So. 2d at 788. As such, courts of this state have often found that the state where the insurance policy was issued had a more substantial interest in applying its laws than the state where the accident occurred. Latorre v. Hunter, 2020-0802 (La. App. 1st Cir. 2/22/21), 2021 WL 672966, *5 (unpublished).

After our *de novo* review of the facts of this case, we conclude that Texas has a more substantial interest in the uniform application of its laws governing insurance contracts. Therefore, under a conflict-of-laws analysis, Texas is the state whose interests are the most seriously impaired if its law is not applied to the insurance policy. This determination comports with the conclusion reached in Champagne, 893 So. 2d at 789.

---

[2] Alondra indicated that her residence was Louisiana on all of the paperwork pertaining to buying and registering her vehicle. However, we note that she has a Texas driver's license. Thus, it is not clear where Alondra was domiciled.

7

## TEXAS LAW

An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed. Insurance policies are construed as contracts and enforced as contracts. Under Texas Insurance Code § 705.051, as explained above in comparison to Louisiana law, a misrepresentation in an application for a life, accident, or health insurance policy does not defeat recovery under the policy unless the misrepresentation: (1) is of material fact; and (2) affects the risks assumed. The undisputed elements of a claim for rescission under this statutory provision are: (1) the making of the representation; (2) the falsity of the representation; (3) reliance thereon by the insurer; and (4) the materiality of the representation. Guzman v. Allstate Assurance Company, 2023 WL 2064719, at *5 (N.D. Tex. Feb. 16, 2023). Additionally, the Supreme Court of Texas recently held that insurers must plead and prove intent to deceive to avoid contractual liability based on a misrepresentation, whether the policy is contestable or not.[3] Proof of a material inaccuracy is not enough. American National Insurance Company, 672 S.W.3d at 359.[4]

### Representation

A representation is made if the applicant signs a statement indicating the answers in the application are true and correct when the policy is delivered. Guzman, 2023 WL 2064719, at *5. On March 23, 2018, Roger attached a digital signature to an automobile insurance application, which indicated that his vehicle,

---

[3] The Supreme Court of Texas stated that adherence to precedent remains the touchstone of a neutral legal system that provides stability and reliability, so departures from precedent must be carefully considered and should be rare. In over a hundred years, there has been no indication that the Legislature disagrees with the common-law approach to enforcement of insurance contracts. American National Insurance Company, 672 S.W.3d at 359.

[4] In Robles v. Cox Insurance Group, LLC, 2022 WL 188377, at *2 (Tex. App.-Fort Worth, 2022), which was an automobile insurance rescission case, the court stated that an insurer must prove five elements to be entitled to avoidance of an insurance policy on misrepresentation grounds: (1) the making of the representation; (2) the falsity of the representation; (3) reliance thereon by the insurer; (4) the intent to deceive on the part of the insured making the same; and (5) the materiality of the representation.

8

a 2010 Toyota Tundra, would be located in Texas. No garage location was indicated on the forms. At the bottom of the application, Roger signed a statement that provided, "I agree if such information is false, or misleading[,] or would materially affect acceptance of the risk by Company . . . that such policy will be null and void and no coverage shall be afforded." Subsequently, on March 29, 2018, Roger attached a digital signature to an endorsement request form, wherein Roger extended coverage by adding Alondra as an additional driver and her 2010 Toyota Corolla as a covered vehicle. The endorsement request form indicated that the 2010 Toyota Corolla would be garaged in San Antonio, Texas. The statement that the vehicle would be garaged in Texas is a representation.

## Falsity of Representation

A representation is false if it was untrue at the time it was made. Legion Ins. Co. v. Texas Timber Group, 2000 WL 1456447, at *4 (N.D. Tex. Sept. 29, 2000) ("It is now settled law that if the answers to the questions in the [insurance] application were untrue at the time they were given, the untrue answers constituted misrepresentations."). Roger made the statement that the vehicle would be garaged in Texas on March 29, 2018. Thus, for Roger's representation to be false, the statement that the vehicle would be garaged in Texas would have to have been untrue on March 29, 2018. In paperwork dealing with the purchase and registration of the vehicle, Alondra provided a Baton Rouge, Louisiana address for herself and the vehicle. Further, in the vehicle application that Alondra completed on March 29, 2018, she indicated that the vehicle would be "domiciled" in Louisiana. No objection to this evidence was made by Paulette. Therefore, Roger's representation that the vehicle would be garaged in Texas conflicts with Alondra's representation to the contrary. However, we are unable to weigh the competing evidence within summary judgment. See White v. Herbert, 2022-1333 (La. App. 1st Cir. 6/2/23), --- So. 3d ----, ----, 2023 WL 3862160, *3.

9

## Materiality of Representation

The representation is material if it actually induces the insurance company to assume the risk. Colonial Penn Life Insurance Company v. Parker, 362 F. Supp. 3d 380, 401 (S.D. Tex. 2019). The principal inquiry in determining materiality is whether the insurer would have accepted the risk if the true facts had been disclosed. Materiality is determined at the time the policy issued, rather than the time of the loss. Guzman, 2023 WL 2064719, at *7.

In support of its motion for summary judgment, Redpoint filed the affidavit of Michael McClure, the President and Chief Executive Officer of SeaHarbor Insurance Agency, LLC, which is a managing general agent for Redpoint. McClure stated that the endorsement provided that the vehicle would be garaged in Texas; Redpoint is not authorized to do business in Louisiana; Redpoint has never written insurance in Louisiana; Redpoint was not informed that Alondra was living in Louisiana and would not be garaging the vehicle in Texas; the policy was rescinded due to this material representation; and the money paid for the insurance coverage was reimbursed. Thus, Redpoint has submitted undisputed evidence that, had it known that the vehicle would be garaged in Louisiana, it would have either not issued the policy or issued the policy at an increased premium.[5] Accordingly, Redpoint has shown that the representation was material.

## Reliance by Redpoint on Representation

Only actual knowledge of misrepresentations destroys a defense of fraud. Koral Industries v. Security-Connecticut Life Ins. Co., 802 S.W.2d 650, 651 (Tex. 1990) (per curiam). In the purchase documents, Alondra made it clear that she had a Baton Rouge, Louisiana address and intended to reside in Baton Rouge, and this is reflected in the purchase documents submitted by Redpoint. However, Redpoint

---

[5] The policy rescission letter indicates that if the garaging address or primary area of operation of any listed vehicle moved outside of Texas, the Unacceptable Risk Surcharge would apply. The Unacceptance Risk Surcharge would increase the premium for such a vehicle by a factor of five.

denies actual knowledge prior to issuing the endorsement to the policy that Roger misrepresented facts or that the vehicle would not be garaged in Texas. Paulette did not refute that Redpoint relied on the representations in the March 29, 2018 endorsement application and approved the endorsement to the policy at the standard rate.

## Intent to Deceive

As mentioned above, insurers must plead and prove intent to deceive to avoid contractual liability based on a misrepresentation, whether the policy is contestable or not. Proof of a material inaccuracy is not enough. American National Insurance Company, 672 S.W.3d at 359. Redpoint contends that Roger had the intent to deceive Redpoint when he signed the endorsement request form because he indicated the vehicle would be garaged in San Antonio, Texas when he knew it would be garaged in Baton Rouge, Louisiana. However, we are unable to conclude that Roger intended to make a material, false representation in his endorsement request form.

The endorsement request form was completed electronically, and it is unclear from the record whether Roger gave the information to his insurance agent or whether his insurance agent supplied the garage location based on Roger's home address. Neither Alondra nor Roger have been deposed or provided answers to discovery. Either way, the endorsement showed San Antonio, Texas for the garage location, and his electronic signature was attached. Redpoint attempts to show that Roger had an intent to deceive through statements made by Alondra. Assuming Roger and Alondra gave the information that is attributed to them, it is still not sufficient to establish an intent to deceive. It is quite possible that Roger's intent and Alondra's intent did not match. When it comes to matters of intent, summary judgment is rarely appropriate. See John M. Floyd & Associates, Inc. v. Ascension Credit Union, 2021-0560 (La. App. 1st Cir. 12/22/21), 340 So. 3d 259, 267.

11

In support of its motion for summary judgment, Redpoint attached a rescission letter wherein Michael McClure indicated that Roger told a claims adjuster that a vehicle was registered in Louisiana. We note that the rescission letter attached to the affidavit of Michael McClure contains hearsay wherein it states, "You stated to our claims adjuster that the vehicle was to be registered in Louisiana by your daughter." See La. C.C.P. art. 967. Roger allegedly made the statement to an adjuster, and the claims adjuster allegedly told Michael McClure. However, the letter does not indicate when Roger talked to the adjuster. The fact that Roger, at some point, allegedly told a claims adjuster that the vehicle was registered in Louisiana does not establish Roger's intent to deceive Redpoint at the time he signed the endorsement or whether he supplied the garage address. Roger could have had every intention to garage the vehicle at his home in Texas. Perhaps Alondra did not. Since Redpoint has not established that Roger had the intent to deceive, we find that Redpoint is not entitled to judgment as a matter of law.

## CONCLUSION

For the above and foregoing reasons, the trial court's October 20, 2022 judgment granting Redpoint County Mutual Insurance Company's motion for summary judgment and dismissing Paulette McKnight's claims against it is reversed and remanded for further proceedings. Costs of this appeal are assessed to Redpoint County Mutual Insurance Company.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0157

PAULETTE MCKNIGHT

VERSUS

ALONDRA VILLAREAL AND
REDPOINT COUNTY MUTUAL INSURANCE COMPANY

**McClendon, J., concurs.**

I find that the motion for summary judgment filed by Redpoint County Mutual Insurance Company is premature at this time.