**GONZALES et al. v. GONZALES.**

No. 11980.

Court of Civil Appeals of Texas. San Antonio.

Oct. 26, 1949.

Rehearing Denied Nov. 9, 1949.

E. T. Yates, Brownsville, for appellant.
L. G. Mathew, Brownsville, for appellee.

NORVELL, Justice.

As the appellee has filed no brief in this case, we accept as correct the statements contained in appellants' brief relating to the facts and the record. Rule 419, Texas Rules of Civil Procedure.

It appears from appellants' brief that in 1938 a decree of partition was entered (Cause No. 15486) dividing 247.3 acres of land formerly owned by Juana Duenes, into six shares. One share was set aside to Bernardino Gonzales, a brother of Juana Duenes. This share was the first one described in the decree of partition, but none of the shares were actually given a number in the decree. It was also provided in the decree that Bernardino should move his house onto the share of land allotted to him by the partition.

Bernardino Gonzales, joined by his wife, Ysidra Gonzales, then executed a deed pur-

porting to convey the west half of the share awarded to him by the partition decree rendered in said Cause No. 15486. This share, however, was described as Share No. 6. The grantee named in the deed was Maria Rios de Gonzales, the wife of a deceased brother of Juana Duenes. Seven years later, in 1945, Maria Rios de Gonzales brought suit (Cause No. 21701) against Bernardino Gonzales seeking a recovery of title and possession to the west one-half of the share awarded to said Bernardino Gonzales in the partition decree. This share was described by metes and bounds according to the description contained in said decree. As grounds for recovery, it was alleged that plaintiff in said suit, who is the appellee here, had entered into an agreement prior to the rendition of the partition decree in Cause No. 15486, under which Bernardino agreed that he would hold one-half of the land which should be awarded to him in said decree in trust for the said Maria Rios de Gonzales, and that the 1938 deed was executed in consummation of this agreement. Judgment was rendered in favor of Maria Rios de Gonzales in conformity with the allegations of her petition and shows that it was based upon the alleged parol agreement entered into between Bernardino and the appellee here. Ysidra, the wife of Bernardino Gonzales, was not made a party to the 1945 suit.

In 1948 the present action was brought by Bernardino and his children (his wife having died), seeking a recovery of the entire share awarded to Bernardino in the partition decree. They alleged, according to the brief, "that, in case appellee pleaded it as Res Adjudicata, the decree in Cause No. 21701 is void, because the property was the homestead of said Bernardino and of his said wife, Ysidra, when that suit was filed and when the decree therein was rendered."

The appellee pleaded res judicata and the trial judge rendered judgment for her upon that theory. In our opinion this judgment was correct. It seems that the property involved was the separate property of Bernardino Gonzales and it is well settled in Texas that the wife is not a necessary party to a suit involving title to land which is the husband's separate property or property which belongs to the community, save and except in those cases where the plea of homestead would in itself be a defense to the suit. Cooley v. Miller, Tex.Com.App., 228 S.W. 1085, and authorities therein cited; 22 Tex.Jur. 32, § 17.

In the case of Central Coal and Coke Company v. Henry, Tex.Civ.App., 47 S.W. 281, it was said: "Said plea (of res judicata) has for its basis a judgment rendered against F. M. Henry, the husband alone, in the case of Whitaker et al., against Henry, which involved the land herein claimed by plaintiff in error. To neutralize the effect of this judgment, it is insisted that said land being the homestead of Henry and wife and the wife not having been a party to that proceeding, said judgment is not binding. The controversy in that suit, as well as in this, involved the title to the land. In determining that issue the question of homestead had no controlling effect. No rights had accrued under it, and had the wife been made a party, and pleaded her claim to a homestead, it would have availed her nothing. In discussing this question in Jergens v. Schicle, 61 Tex. 255, Chief Justice Willie said: 'To such a suit the wife was not a necessary party, and her presence in the cause would not have made the decree rendered in it any more binding than if obtained against the husband alone, unless she was an essential party by reason of the fact that the homestead was located on the premises. If there was any defense that could have been urged, growing out of her homestead rights, which would have defeated the action, then she was a necessary party in the cause.' The case from which we have just quoted is on all fours with this case, and is conclusive that the wife was not a necessary party to the Whitaker-Henry Case, and therefore the plea of res adjudicata should prevail."

The judgment appealed from is affirmed.

SMITH, C. J., absent.