**TEXAS MOTORS, INC., et al., Appellants,**

v.

**Ronald W. McBEE, Appellee.**

No. 458.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 17, 1971.

V. W. McLeod, McLeod, Alexander, Powel & Apffel, Galveston, for appellants.

C. Mann Gregg, Texas City, for appellee.

SAM D. JOHNSON, Justice.

Ronald W. McBee sustained injuries when the automobile in which he was parked was struck by an automobile driven by Royal C. Richardson and owned by Texas Motors, Inc. McBee brought suit against both Richardson and Texas Motors. Trial was to a jury. Based on the jury's verdict the trial court entered judgment against both defendants who duly perfect appeal to this Court.

Appellee has filed no brief, has presented no oral argument and has not otherwise challenged the statements or recitations contained in appellants' brief as to the facts and the record. The Court of Civil Appeals may therefore assume as true all facts and recitations contained in appellants' brief and render judgment in conformity therewith. Rule 419, Texas Rules of Civil Procedure; Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520, writ ref.

It appears that on the date of the accident, July 6, 1968, the plaintiff McBee was

a young man of approximately 25 years of age who was a student at the University of Texas. The accident occurred during the summer season when he was not attending school, however, and he was not otherwise employed. McBee had been to a club in Galveston known as the Fourth Estate. At about 1:30 or 2:00 a. m., McBee left the club in the company of a young lady who worked there. McBee and the young lady drove out on what is known as Seawall Boulevard in Galveston and parked. While parked at this location the automobile occupied by McBee and the young lady was struck by another automobile at approximately 4:00 a. m. McBee suffered injuries in the collision that occurred.

■ In the first two points of error appellants' complain of the inclusion of the sum of $8,000 in the court's judgment for loss of earning capacity because there was no evidence to support the jury's finding of loss of earning capacity in the future and alternatively, that such finding was contrary to the overwhelming weight and preponderance of the evidence. Based on the unchallenged recitation of the facts and the record these points of error must be sustained. It appears that approximately two years before the instant collision McBee was involved in a previous automobile accident. In the first accident McBee suffered a broken back, was in a cast for nine months and thereafter wore a brace. Following the second accident and a recuperation period, however, McBee returned to the same activities he was engaged in before the collision. He attended school, worked in his father's grocery store, worked as a timekeeper for a construction company and testified that he was able to perform these activities without difficulty.

In addition, McBee's treating doctor, as a witness for the plaintiff, testified that there were no activities McBee could not undergo in the future and that in his opinion the plaintiff would have no disability. It appears that the plaintiff would be able to do everything that he did prior to the collision in question, that he could engage in all the activities involved in his livelihood and earn just as much as he did before the accident. There must be evidence to justify the submission of loss of earning capacity to a jury. Martin v. Weaver, Tex.Civ.App., 161 S.W.2d 812, ref., w. o. m.; Jarbet Co., Inc., v. Hengst, Tex.Civ.App., 260 S.W.2d 88, no writ hist. By virtue of the recitation made of the facts and the record by the appellant and left wholly unchallenged by the appellee, the first two points of error must be sustained.

The burden of appellants' fifth and sixth points of error is to the effect that the defendant driver, Royal C. Richardson, was not shown to have been in the course and scope of his employment with Texas Motors at the time of the collision and that no one in any position of authority with Texas Motors was shown to have authorized the use of the vehicle at the time and under the circumstances in question. These points of error, again considered in the light and in the posture given to them by the appellant, must likewise be sustained.

Richardson had been employed by Texas Motors as a used car mechanic for approximately three months prior to the accident. Larry Kelly, a used car salesman for Texas Motors, told Richardson to take the car for a road test at about 6:30 on the afternoon of July 5, 1968. Richardson went to a number of places in the process of road testing the vehicle. At trial Richardson testified that at the time of the accident, some nine or ten hours later (about 4:00 o'clock a. m. on July 6th), however, that he was on a personal mission of his own. He further testified that he was not being paid for road testing the car, that he planned to get married that day and had informed Larry Kelly that he intended to use the car for such purpose. The president of Texas Motors testified that Larry Kelly was not authorized to authorize others to road test cars at such times and under such circumstances and that Larry Kelly had no authority to loan vehicles to employees after working hours for any purpose.

■ As presented the record contains a presumption of course of employment arising from Texas Motors ownership of the vehicle. This presumption is altogether nullified in the instant situation by the clear and unchallenged recitation of the facts and the record to the effect that Richardson was not engaged in the course of his employment at the time of the collision. In such situation the plaintiff has the burden of proof to produce other evidence or his cause fails. Houston News Co. v. Shavers, Tex.Civ.App., 64 S.W.2d 384, err. ref.; Czikora v. Hutcheson, Tex. Civ.App., 443 S.W.2d 871, err. dismd. The facts and the record as given to this Court not only wholly fail in this respect but also conclusively establish that Larry Kelly had no authority to authorize Richardson to use the vehicle.

Having sustained points of error one and two this cause is reversed and remanded as to the defendant Royal C. Richardson. In view of the disposition here made we do not pass upon points of error three and four. Having sustained points of error five and six this cause is reversed and rendered as to the defendant Texas Motors, Inc.