Dick C. MILAM et al., Appellants,

v.

W. A. LANGFORD, Appellee.

No. 8641.

Court of Civil Appeals of Texas, Amarillo.

Feb. 9, 1976.

McClendon, Richards & Campbell, Jack McClendon, Lubbock, for appellants.

Willard G. Street, Jr., Littlefield, for appellee.

REYNOLDS, Justice.

The payee of a dishonored draft, which was payable in Lubbock County and was given for a mineral lease on land situated in the counties of Lamb and Hockley, filed suit in Lamb County to recover damages for the failure to pay the draft. Defendants' plea of privilege to be sued in Lubbock County where they were domiciled was overruled. Plaintiff failed to prove an exception to defendants' right to be sued in the county of their domicile. Reversed and rendered.

Dick C. Milam, as agent for D.L.C. Corporation whose franchise had been forfeited, secured from W. A. Langford a mineral lease covering Langford's tract of land situated in the counties of Lamb and Hockley. The consideration for the lease was $2,983.50 represented by a draft drawn on the corporation and made payable in Lubbock County upon the approval of Langford's title. The title was not approved, the draft was not paid, and the instruments were returned to Langford.

Langford filed this suit in Lamb County, naming Dick C. Milam, D.L.C. Corporation and J. Blair Cherry, Jr., who had been the corporation's president and registered agent, as defendants. Defendants pleaded the right to be sued in Lubbock County where all defendants had their legal residence. Langford controverted the plea and sought to maintain venue in Lamb County under the provisions of the subdivision 5, 7, 14 and 23 exceptions of Vernon's Ann. Civ.St. art. 1995, the general venue statute which, subject to its exceptions, confers upon a defendant the right to be sued in his home county. At the conclusion of the venue hearing, the trial court stated that subdivisions 5, 7 and 23 were inapplicable and thereafter overruled defendants' plea of privilege, apparently on the determination that subdivision 14 permitted the suit to be maintained in Lamb County.

Defendants have appealed, complying with the rules regarding an appeal. Under proper points of error defendants state the record and cite authority to support their contention that venue is not maintainable in Lamb County for the reasons that: (1) subdivision 5 is inapplicable because the contractual obligation, if any, of defendants was performable in Lubbock County and not in Lamb County; (2) subdivision 7 is not pertinent in that Langford did not prove that actionable fraud was committed in Lamb County; (3) subdivision 14 does not apply because Langford's suit is not for the recovery of lands or damages thereto; and (4) subdivision 23 is not operative because Langford did not prove either that any defendant was a corporation or that his pleaded cause of action or a part thereof arose in Lamb County.

Langford has not filed a brief. The factual statements contained in defendants' brief have been neither answered nor challenged. Under these circumstances, Rule 419, Texas Rules of Civil Procedure, authorizes the acceptance of defendants' statements as correctly stating the facts and the record without resort to the statement of facts or the record, *Campbell v. Campbell*, 477 S.W.2d 376 (Tex.Civ.App.—Amarillo 1972, no writ), and the acceptance requires that defendants' contention be sustained. *Van Pelt v. McCabe*, 236 S.W.2d 685 (Tex. Civ.App.—San Antonio 1951, no writ).

It is noted, however, in connection with the subdivision 14 exception which apparently was applied by the trial court, that Langford claimed that his land was damaged when his minerals were "tied up" for the sixty days the lease was outstanding. The claim is not viable in view of the rule that withholding possession of premises does not constitute injury or damage to land. *Smith v. Rampy*, 198 S.W.2d 592, 597 (Tex.Civ.App.—Amarillo 1946, no writ).

The judgment of the trial court is reversed, and judgment is rendered sustaining defendant's plea of privilege and ordering the cause transferred to a district court in Lubbock County. Rule 434, T.R.C.P.