Paul WATKINS d/b/a Paul Watkins Air-Conditioning Service, Appellant,

v.

William A. BEICKER, Appellee.

No. 1179.

Court of Civil Appeals of Texas, Tyler.

Feb. 22, 1979.

Kenneth R. Barron, Barron & Hullum, Tyler, for appellant.

John R. Brumbelow, Tyler, for appellee.

MOORE, Justice.

This is a damage suit. Plaintiff, William A. Beicker, sued defendant, Paul Watkins, d/b/a Paul Watkins Air-Conditioning Service, for damages for personal injuries caused as the result of an explosion in a heating unit situated in the plaintiff's home. Plaintiff alleged that he employed the defendant to repair the heating unit and in making these repairs defendant discovered that the heating unit had a malfunctioning air draft which caused the unit's pilot light to malfunction; that defendant failed to warn him of the dangerous condition and that when he attempted to light the pilot light the explosion occurred causing him to suffer burns on his face, arms, hands and other parts of his body. He alleged that the defendant was negligent in failing to warn him of the dangerous condition of the heating unit and that such negligence was a proximate cause of his injuries. After a trial before the court, without a jury, the trial court rendered judgment in favor of the plaintiff for the sum of $763.40, from which judgment defendant perfected this appeal. The parties will hereinafter be referred to as "appellant" and "appellee."

We reverse and render.

Upon the request of the defendant, the trial court filed findings of fact and conclusions of law. The findings of fact being material to this appeal are as follows: (a) defendant, Paul Watkins, failed to repair the unit and put it in a safe, workable condition; (b) defendant discovered, while working on the unit, that the unit had an improper air draft that caused the unit's pilot light to malfunction; (c) that subsequent to defendant's work, the heating unit exploded and burned plaintiff's face and body; (d) that such improper air draft

caused a collection of unburned gas inside the heating unit; (e) that the defendant failed to warn the plaintiff that such draft created a dangerous condition within the heating unit; (f) that such failure to warn plaintiff was negligence on the part of the defendant; and (g) that such failure to warn plaintiff was a proximate cause of the explosion in question. The trial court concluded as follows:

"A person who undertakes a course of employment by another and during such employment becomes aware of a situation dangerous to that person and fails to give due warning of it thus preventing the latter from conducting himself in safety may be held liable for the resulting injury, more particular [sic] where such person represents himself to be an expert in such employment. Therefore, I conclude, as a matter of law that the defendant, Paul Watkins, had a legal duty to warn plaintiff of such improper drafting."

Appellant brings six points of error challenging each of the findings of fact made by the trial court on the ground that there is no evidence to support any of the findings except the finding that the plaintiff suffered an injury.

█ Appellee did not file a brief. In these circumstances, we accept as correct, without resort to the statement of facts, the statements contained in appellant's brief relating to the facts and the record. Rule 419, Tex.R.Civ.P.; *Gonzales v. Gonzales,* 224 S.W.2d 520 (Tex.Civ.App.—San Antonio 1949, writ ref'd); *Day v. Garland Chrysler-Plymouth, Inc.,* 460 S.W.2d 272, 274 (Tex. Civ.App.—Dallas 1970, no writ history); *Texas Motors, Inc. v. McBee,* 465 S.W.2d 234 (Tex.Civ.App.—Houston [14th Dist.] no writ history); *Milam v. Langford,* 533 S.W.2d 857, 859 (Tex.Civ.App.—Amarillo 1976, no writ history); *Pyronauts, Inc. v. Associated Fire Extinguisher Co.,* 549 S.W.2d 460, 461 (Tex.Civ.App.—Fort Worth 1977, no writ history); also see Vol. 3A, Texas Digest, Appeal and Error, █.

In appellant's "fact statement" in his brief, we find the following statement of facts:

"The facts that were proved in this case, or which can be reasonably surmised from probative evidence are as follows. The Plaintiff, William A. Beicker, bought a used mobile home equipped with a butane fired central heating system. During the first winter that he owned the home, the heating system operated to his satisfaction. In the latter part of November of the second year, the system showed the following symptoms of malfunction: bad odors, similar to unburned butane, emanated from the furnace and the pilot light went out repeatedly. The Plaintiff called Paul Watkins, the Defendant, to repair the unit. Paul Watkins replaced several pieces of equipment and cleaned soot from the flue of the heating unit. Soon afterward, the heating unit again began to malfunction in the same ways as before. Mr. Watkins was notified of this and returned to work on the unit. This time he brought with him another repairman to help give a more thorough cleaning of the flue. Later, Mr. Watkins was called back to light the pilot of the furnace. He came to the house when no one was home, lit the furnace and then left. When Mrs. Beicker came home, she found that the pilot was not burning and she attempted to light it but was unsuccessful. Her husband came home that evening and attempted to light the pilot. On the second attempt, an explosion or flare-out occurred, which burned Mr. Beicker's face and other parts of his body. The record is devoid of any direct evidence as to the cause of the explosion.

"The record does not reflect that the explosion caused any damage to the mobile home. The repairman who checked the furnace after the explosion testified that he did not find any damage to the furnace attributable to the explosion; that he did not know that there had been an explosion until he was told by the Plaintiff. Following the explosion, no defects were discovered in the central heating unit which might have caused or contributed to the explosion."

In other parts of the brief we find the following statements:

". . . There is no evidence in the record connecting any of the work done on this service call with the flare-out or explosion nor that other parts installed at the first visit have been shown to be defective. . . . The condition of the heating unit was in a safe, workable condition at the end of the second service call according to the testimony of the two repairmen, the only expert witnesses in the case, who inspected the unit after the second service call.

.    .    .    .    .

". . . The Plaintiff has not established the cause of the explosion, much less related the cause to the Defendant . . . . .

"As the record stands, there is direct testimony from the repairmen that the heating unit was in a safe, workable condition after the second service call . . . The record leaves to our imagination and conjecture the important point of knowing whether under some conditions an explosion or flare-out might occur in the absence of any culpability on the part of either the repairmen or the Plaintiff . . . .

.    .    .    .    .

". . . The direct testimony of the defendant and of Mr. McArthur, the second repairman, is that they did not know of an improper draft persisting after the second service call. In fact, the testimony from these witnesses is that there was no improper air draft following the second service call.

"The testimony of the plaintiff and his wife alleges several conditions which could be related to an improper air draft. The Statement of Facts does not show that these conditions were ever told to the Defendant. . . .

". . . [T]here is a discussion by the Defendant of the fact that the mobile home was not skirted. He testified that the pilot light can be blown out by a gust of wind blowing under the mobile home.

.    .    .

.    .    .    .    .

"The record is entirely devoid of any testimony or other evidence about warnings issued by Paul Watkins or about lack of warnings. Whether any warnings occurred during the conversations between the parties is anybody's guess. . . . [T]here is no evidence in the record tending to prove negligence on the part of the Defendant. . . ."

■ Upon accepting the foregoing statements as facts in the case, we fail to find any evidence that the defendant either knew or should have known that the heating unit was dangerous after he had completed making the repairs on the second service call. The evidence shows that the appellant was called to repair the heater because the pilot light continued to go out. The undisputed evidence is that it was in good working order after he made the repairs on the second service call. Although the pilot light, for some unexplained reason went out again, there is nothing in the evidence showing that appellant either did anything or failed to do anything to cause it to malfunction again. Nor is there anything to show that he did or failed to do anything to cause gas to accumulate in the unit. Insofar as this record shows, appellant, in good faith, believed that he had repaired the unit.

■ Notice or warning of danger is not necessary in order to avoid any imputation of negligence, where no danger is reasonably to be anticipated. 65 C.J.S. Negligence § 89, p. 1029. We find nothing in the record to suggest that appellant should have reasonably anticipated that the unit was dangerous after the time he repaired it the second time. It would be against reason to hold that just because appellant made a good faith, but unsuccessful effort to repair the heating unit, an inference could be drawn that he thereafter knew or should have known that the unit was dangerous. Such an inference would rest on nothing more than a mere surmise or suspicion that appellant knew or should have known it was dangerous and as such would

be too weak to raise any issue of fact thereon. *Joske v. Irvine,* 91 Tex. 574, 582, 44 S.W. 1059, 1063 (1898). In the absence of any evidence of any actual or constructive knowledge on the part of appellant that the unit was dangerous, he owed no duty to issue a warning. It therefore follows that the appellee failed to discharge his burden of establishing a cause of action for negligence predicated on a failure to warn.

■ Even if the appellant had such a duty, there is no evidence that he did, in fact, fail to warn the appellee. According to the foregoing fact statements the record is silent with regard to whether he did or did not issue a warning. Thus, the finding that appellant was negligent in failing to warn appellee is not supported by any evidence.

Under the record before us we hold that appellee failed, as a matter of law, to establish a cause of action against the appellant. Accordingly, the judgment of the trial court is reversed and judgment is rendered decreeing that the appellee take nothing by his suit and that all cost be adjudged against the appellee.

Reversed and rendered.