**USLIFE TITLE INSURANCE COMPANY OF DALLAS, Appellant,**

v.

**Freddie HOWARD and Wife, Billie L. Howard, Appellees.**

No. 9140.

Court of Civil Appeals of Texas, Amarillo.

July 23, 1980.

Rehearing Denied Aug. 13, 1980.

Stubbeman, McRae, Sealy, Laughlin & Browder, Rodney W. Satterwhite and Michael B. McKinney, Midland, for appellant.

Templeton & Garner, Robert E. Garner, Amarillo, for appellees.

ON MOTION FOR REHEARING

REYNOLDS, Chief Justice.

On original submission of this venue phase of a breach of contract action, we

reversed the trial court's judgment overruling a plea of privilege and remanded the cause on the determination that the venue facts were not fully developed. After further consideration initiated by appellees' motion for rehearing, we deem the venue facts sufficiently developed in one respect to sustain the court's judgment. We, therefore, withdraw our 30 June 1980 opinion, set aside our judgment of reversal and remand, and substitute this opinion of affirmance.

According to the record made in the trial court, Freddie Howard purchased from Homer Sudderth on 31 July 1975 the East 200 acres out of the South Half (S/2) of Section 2, Block D, John D. Gibson Survey, Yoakum County, Texas. USLIFE TITLE INSURANCE COMPANY OF DALLAS issued its owner policy of title insurance, dated 31 July 1975, to Freddie Howard and wife, Billie L. Howard, guaranteeing

that as of the date hereof, the Insured [the Howards] has good and indefeasible title to the estate or interest in the land described or referred to in this policy.

The title described in the policy is fee simple. By the terms of the policy, USLIFE assumed liability for the actual monetary loss of the Howards not to exceed $17,400, and stipulated that it

shall, except as hereinafter stated, at its own cost defend the Insured in every action or proceeding on any claim against, or right to the estate or interest in the land or any part thereof, adverse to the title to the estate or interest in the land as hereby guaranteed, but the Company [USLIFE] shall not be required to defend against any claims based upon matters in any manner excepted under this policy by the exceptions in Schedule B hereof or excluded by Paragraph 2, "Exclusions from Coverage of this Policy," of the Conditions and Stipulations hereof.

Thereafter, the Howards filed in Yoakum County the suit underlying this plea of privilege proceeding, seeking damages for, as it is material to this appeal, breach of the contract of insurance. The Howards alleged, in brief, their purchase of the property from Homer Sudderth and wife, Shirley Sudderth; the issuance of USLIFE's policy of title insurance; the filing of an action in Cause No. 3549 in Yoakum County by the Sudderths to set aside the conveyance to, and to recover damages from, the Howards; a request to and refusal by USLIFE to defend the suit; a judgment setting aside the conveyance to the Howards; and a refusal by USLIFE to pay the principal amount of the policy after judgment against the Howards or the Howards' attorney's fees in defending the suit.

USLIFE interposed its plea of privilege, asserting the right to have the suit transferred to Dallas County, where it was domiciled. The Howards controverted the plea, specifying subdivisions 5(a), 14, 15, 23, 28 and 28a of Article 1995, Texas Revised Civil Statutes Annotated (Vernon 1964; Vernon Supp. 1980),[1] as exceptions to general venue which would sustain venue of their suit in Yoakum County.

At the venue hearing, the policy of title insurance, identified as being issued and delivered in Yoakum County, was placed in evidence, and Freddie Howard gave testimony. Testifying in support of the Howards' allegations, Howard also stated, in essence, that as a result of the Sudderths' suit heard by the district court in Yoakum County, the sale was set aside, he lost his title to the land, and he does not own the property or have title to it.

The trial court overruled USLIFE's plea of privilege. The court affirmatively declined to identify the exception or exceptions upon which the venue ruling was based.

On appeal, USLIFE undertakes to demonstrate that the lack of either any evidence or factually sufficient evidence renders inapplicable the exceptions specified and relied upon by the Howards. The Howards counter that venue is sustainable in

---

1.  Subsequent references to subdivisions are to the subdivisions of Article 1995, Texas Revised Civil Statutes Annotated (Vernon 1964; Vernon Supp. 1980).

Yoakum County under subdivisions 5(a), 23, 28 and 28a of the general venue statute.[2]

To sustain venue in Yoakum County under any exception specified to defeat US-LIFE's plea of privilege, the Howards were required to clearly plead and prove the venue facts stated in one or more of those exceptions as applicable or appropriate to the character of their alleged action. *Colorado Interstate Gas Co. v. MAPCO, Inc.*, 570 S.W.2d 164, 167 (Tex.Civ.App.—Amarillo 1978, no writ). The Howards' allegations, as related to the venue proceeding, characterize an action for damages occasioned by USLIFE's breach of its contractual (1) guarantee of title which failed and (2) obligation to defend the Howards against the Sudderths' suit.

■ Subdivision 5(a) permits venue in the county where "a person has contracted in writing to perform an obligation . . expressly naming such county, or a definite place therein, by such writing." Despite their reliance on this permission, the Howards neither alleged nor proved that the insurance policy expressly named Yoakum County as the county where USLIFE was to perform the obligations which the Howards alleged were breached. Instead, the Howards argue that because the policy guaranteed title to described land in Yoakum County, it thereby provides for performance of USLIFE's obligations in Yoakum County. To agree would be to fix venue by implication, which never is permissible. *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610, 611 (1948). Therefore, because the policy does not expressly name Yoakum County or a definite place therein for USLIFE's performance of its obligations, subdivision 5(a) was not invoked. *Harkness v. Employers National Insurance Company*, 502 S.W.2d 670 (Tex. 1973).

■ Similarly, subdivisions 28 and 28a were not invoked. Neither the pleadings

nor the proof identifies USLIFE as one of the kinds of insurance companies to which these exceptions apply. The Howards suggest it is sufficient that the evidence establishes USLIFE is a property insurer; but, for the insurer to be subjected to either exception, the pleadings and the proof must evince the essential venue fact that the insurer is one of the types of insurance companies named in the appropriate subdivision. *Great Southwest Life Insurance Company v. Camp*, 464 S.W.2d 702, 704–05 (Tex.Civ.App.—Fort Worth 1971, no writ); *National Aid Life v. Self*, 140 S.W.2d 606, 607 (Tex.Civ.App.—Eastland 1940, no writ). This essential venue fact is not of evidence in the appellate record.

■ As germane here, subdivision 23 provides that a suit against a private corporation may be brought "in the county in which the cause of action or part thereof arose." The quoted statutory phrase requires the plaintiff to plead and prove facts showing both a cause of action—*i. e.*, at least a right of plaintiff and a breach by defendant of the corresponding duty—and that the cause of action, or a part of it, arose in the county of suit. *Employers Casualty Company v. Clark*, 491 S.W.2d 661, 662 (Tex. 1973). Hence, by virtue of the Howards' pleadings, proof of the creation of USLIFE's contractual obligations to the Howards and the breach of either would establish the Howards' cause of action for which they would be entitled to recover at minimum nominal damages, regardless of whether actual damages were proved. *Lubbock Mfg. Co. v. Sames*, 598 S.W.2d 234, 237 (Tex. 1980). And proof that at least a part of the cause of action arose in Yoakum County would sustain venue in that county. *Id.* at 236, 237.

It is undisputed that the title insurance contract was made in Yoakum County; so,

**2.** Because the Howards make no appellate contention that, and have not briefed the question whether, subdivisions 14 and 15 will sustain venue in Yoakum County, we are authorized to accept USLIFE's unchallenged demonstrations that these exceptions have no application as correctly stating the facts showing inapplicability. Tex.R.Civ.P. 419; *Milam v. Langford*, 533 S.W.2d 857, 859 (Tex.Civ.App.—Amarillo 1976, no writ). Beyond that, we have concluded from a review of the record before us that neither exception 14 nor 15 has been invoked by the pleadings and the proof before the trial court.

the creation of USLIFE's contractual obligations to the Howards, a part of their cause of action, arose in the county of suit. Disputed, however, is whether the record evidences a breach of USLIFE's obligations, an indispensable part of the proof to establish the cause of action.

USLIFE's obligation to defend an action on a claim against or right to the land adverse to the title guaranteed is circumscribed by the policy provisions. Therefore, whether USLIFE had a duty to defend against the Sudderths' suit is determined not by what facts are determined in a trial on the merits, but by reference to the policy provisions and the allegations, whether true or false, in the Sudderths' petition against the Howards. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 24–25 (Tex. 1965); *Maryland Casualty Co. v. Moritz*, 138 S.W.2d 1095, 1097 (Tex. Civ.App.—Austin 1940, writ ref'd).

■ The policy of title insurance was properly in evidence, but the record, including the pleadings, in the Sudderths' suit was not before the trial court by virtue of any authorized procedure. In lieu of the absent showing, the Howards propose that the trial court had a right to take notice of the prior proceedings in the same court, but the law adheres to this contrary principle: a trial court cannot notice judicially the record or judgment in another case previously tried by it, *Pfeffer v. Mahnke*, 260 S.W. 1031, 1033 (Tex.Com.App. 1924, opinion adopted), except where the case involved the same subject matter between the same, or practically the same, parties. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274, 276 (1961).[3]

Thus, if venue is sustainable in Yoakum County, it is because the testimony of Howard shows a breach of the contractual guarantee of a good and indefeasible fee simple title in the Howards. We quote Howard's testimony.

---

**3.** In this connection, albeit parenthetically, we may notice judicially our judgment in *Sudderth v. Howard*, 560 S.W.2d 511 (Tex.Civ.App.— Amarillo 1977, writ ref'd n.r.e.), affirming the trial court's judgment cancelling the deed by which the Sudderths conveyed the property to

Q Now, Mr. Howard, the policy, of course, will speak for itself. My questions now will pertain to the land that you have described to us which you purchased from Mr. Sudderth. Do you still own that property?

A No, sir.

Q Do you have title to it?

A No, sir.

Q Did a dispute arise concerning title to the land?

A Yes, sir.

Q Did that suit—did that result in litigation?

A Yes.

Q Is it not true, sir, that this Court heard a suit concerning title to that property?

A Yes, sir.

Q And what was the outcome of the suit?

A Well, they set aside the sale.

Q Okay. Were you the Plaintiff in the suit or was another party suing?

A Another party suing.

Q Okay, who sued?

A Homer Sudderth.

Q Mr. Sudderth sued.

A Yes.

Q And at the outcome of the suit, Mr. Sudderth had the sale set aside?

A Yes, sir.

Q Did you lose your title to the land?

A Yes, sir.

Q And was it as a result of that suit?

A Yes, sir.

\*   \*   \*   \*   \*   \*

Q Sir, is it your testimony here today that at the conclusion of that trial, that you did lose title to the property that is in question and that is the subject of this title insurance policy?

the Howards; yet, we may not go to that record for the purpose of ascertaining any *fact* not shown in the record of the cause now before us. *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760, 763 (1942).

A   Yes, sir.

The testimony is uncontradicted. It prima facie shows, and justified the trial court in impliedly finding, a failure of the title guaranteed to the Howards by US-LIFE. The testimony, together with the other evidence, was sufficient for the trial court to find the Howards had proved a cause of action for breach of the contractual guarantee of title, a part of which arose in Yoakum County. In this light, venue is sustainable in the county of suit under subdivision 23 of the general venue statute.

Accordingly, the judgment of the trial court is affirmed.